**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.**

REBECCA TRAVERZO,

      **Plaintiff,**

v.

                                             **JURY TRIAL DEMANDED**

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS INC,
TRANS UNION LLC, DFS SERVICES LLC D/B/A
DISCOVER FINANCIAL SERVICES,
and SECURITY FIRST BANK,

      **Defendants.**

_____/

## COMPLAINT

Plaintiff Rebecca Traverzo ("Plaintiff") sues Equifax Information Services LLC ("Equifax"), Experian Information Solutions Inc ("Experian"), Trans Union LLC ("Trans Union"), DFS Services LLC d/b/a Discover Financial Services ("Discover"), and Security First Bank ("SFB") (collectively, the "Defendants") for violations the Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

1.      Jurisdiction arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### PARTIES

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Saint Lucie County, Florida.

4.      Equifax is a/an Georgia limited liability company, with its principal place of business located in Atlanta, Georgia.

5. Experian is a/an Ohio corporation, with its principal place of business located in Costa Mesa, California.

6. Trans Union is a/an Delaware limited liability company, with its principal place of business located in Chicago, Illinois.

7. Discover is a/an Delaware limited liability company, with its principal place of business located in Riverwoods, Illinois.

8. SFB is a/an Nebraska corporation, with its principal place of business located in Lincoln, Nebraska.

**DEMAND FOR JURY TRIAL**

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**FACTUAL ALLEGATIONS**

10. On or about February 27, 2026, Plaintiff requested copies of Plaintiff's credit reports from Equifax, Experian, and Trans Union (the "Credit Reporting Agencies" or "CRAs").

11. Plaintiff sought copies of Plaintiff's credit reports from the CRAs because [1] Plaintiff's personal identifying information was compromised in a data breach and, as a result, Plaintiff believed Plaintiff was the victim of identity theft; and [2] Plaintiff was preparing to seek lines of credit, explore employment opportunities, and shop for insurance.

12. Upon obtaining copies of Plaintiff's credit reports from the CRAs, or more accurately, what was represented as copies of Plaintiff's full credit reports from the CRAs, Plaintiff observed unrecognized information, accounts, and inquires, as well as observed information that was false, misleading, incomplete, and otherwise inaccurate.

13. Distressed and concerned by the implications of false, inaccurate and/or incomplete information being reported, Plaintiff prepared written disputes to the CRAs.

14. Plaintiff's written disputes to the CRAs took explicit issue with the Discover account reported as being opened on 12-2021 and the Security First Bank account reported as being opened on 03-2022 (collectively, the "Subject Information").

15. On or about March 10, 2026, Plaintiff notified the CRAs in writing that the Subject Information was false, incomplete, and inaccurate (the "Initial Dispute").

16. As detailed in the Initial Dispute, the Discover account is inaccurate and incomplete because the amount, balance, status, past-due history and dates reported are incorrect and incomplete. Further, the payment history and balances do not reflect Plaintiff's payments, thereby wrongfully making Plaintiff appear as though Plaintiff was not making payments.

17. As detailed in the Initial Dispute, the Security First Bank account is inaccurate and incomplete because the amount, balance, status, past-due history and dates reported are incorrect and incomplete. Further, the payment history and balances do not reflect Plaintiff's payments, thereby wrongfully making Plaintiff appear as though Plaintiff was not making payments.

18. In addition to detailing the nature of Plaintiff's disputes regarding the Subject Information, Plaintiff written disputes to the CRAs also requested the complete contents of Plaintiff's file maintained by each of the CRAs. Plaintiff requested said full disclosures because, among other reasons, the information provided to Plaintiff by the CRAs in response to reports requested on February 27, 2026, was incomplete and otherwise did not reflect all the information maintained by the CRAs about Plaintiff. Moreover, Plaintiff believed additional accounts and/or information associated with identity theft was wrongfully being withheld.

19. The inaccurate and/or incomplete reporting of Subject Information materially hindered Plaintiff's ability to determine whether associated debts were valid, collectible, time-barred, or otherwise enforceable.

20.     The inaccurate and/or incomplete reporting of Subject Information prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved Plaintiff's creditworthiness if reported.

21.     The inaccurate and/or incomplete reporting of Subject Information had caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished Plaintiff's creditworthiness.

22.     Credit scoring algorithms take into consideration the information disputed by Plaintiff, as well as associated omitted information, when generating a credit score, whereby incomplete and inaccurate information, including account statuses,  causes a lower credit score to be generated.

23.     Each of the CRAs received Plaintiff's Initial Dispute.

24.     The Initial Dispute was transmitted by one or more of the CRAs to Discover.

25.     Despite receiving the Initial Dispute from one or more of the CRAs, Discover failed to timely conduct a reasonable investigation into information disputed by Plaintiff and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

26.     The Initial Dispute was transmitted by one or more of the CRAs to SFB.

27.     Despite receiving the Initial Dispute from one or more of the CRAs, SFB failed to timely conduct a reasonable investigation into information disputed by Plaintiff and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

28.     Despite each of the CRAs receiving the Initial Dispute, Defendants failed to timely provide any feedback to Plaintiff regarding the Initial Dispute, including failing to provide Plaintiff with the requested complete disclosure of Plaintiff's file.

29. Following the lack of timely feedback regarding the Initial Disputes from the Defendants, Plaintiff became more distressed and anxious, as Plaintiff was without feedback as to whether the disputed false, inaccurate, and/or incomplete information would be investigated and removed, or if Plaintiff would be forced to wrongfully endure the negative consequences thereof.

30. Because the false, misleading, incomplete, and otherwise inaccurate information persisted on Plaintiff's credit reports following the Initial Disputes, Plaintiff became anxious and more distressed, and on two (2) or more occasions lost more than an hour of sleep.

31. Exceedingly distressed and anxious by the lack of feedback, as well as the persistence of the Subject Information on Plaintiff's credit reports, on or about April 21, 2026, Plaintiff prepared additional written disputes to the CRAs regarding the Subject Information (the "Additional Disputes").

32. Each of the CRAs received Plaintiff's Additional Disputes.

33. The Additional Disputes were transmitted by one or more of the CRAs to Discover.

34. Despite receiving the Additional Disputes from one or more of the CRAs, Discover failed to timely conduct a reasonable investigation into information disputed by Plaintiff and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

35. The Additional Disputes were transmitted by one or more of the CRAs to SFB.

36. Despite receiving the Additional Disputes from one or more of the CRAs, SFB failed to timely conduct a reasonable investigation into information disputed by Plaintiff and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

37. Despite each of the CRAs receiving the Additional Disputes, Defendants failed to timely provide any feedback to Plaintiff regarding the Initial Dispute, including failing to provide Plaintiff with the requested complete disclosure of Plaintiff's file.

38.     Following the lack of timely feedback regarding the Additional Disputes from Defendants, Plaintiff became more distressed and anxious, as Plaintiff was without feedback as to whether the disputed false, inaccurate, and/or incomplete information would be investigated and removed, or if Plaintiff would be forced to wrongfully endure the negative consequences thereof.

39.     Because the false, misleading, incomplete, and otherwise inaccurate information persisted on Plaintiff's credit reports following the Additional Disputes, Plaintiff became more anxious and distressed, and on two (2) or more occasions lost more than an hour of sleep.

40.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendants' failures to correct the credit report pertaining to Plaintiff.

## *ALLEGATIONS AS TO EQUIFAX*

41.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

42.     Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

43.     Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports" which it provides to third parties.

44.     On or about February 27, 2026, Plaintiff requested a copy of Plaintiff's credit report from Equifax.

45.     On or about February 27, 2026, Equifax provided an incomplete credit report to Plaintiff.

46.     Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the Subject Information.

47.     The Subject Information is false, inaccurate, and incomplete.

48. On or about March 10, 2026, Plaintiff notified Equifax in writing that the Subject Information was false, inaccurate, and/or incomplete by and through the Initial Dispute.

49. The Initial Dispute took explicit issue with, among other things, the Subject Information.

50. As part of the Initial Dispute, Plaintiff included a copy of Plaintiff's driver's license, copy of social security card, and a piece of mail.

51. By and through the Initial Dispute, Plaintiff provided Equifax with proper identification and sufficiently requested a copy of Plaintiff's complete file.

52. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Initial Dispute to Equifax.

53. On or about March 10, 2026, Equifax received the Initial Dispute.

54. In lieu of opening and considering the contents of the envelope containing Initial Dispute, Equifax's entire investigation began and ended with the envelope containing the Initial Dispute. Put differently, Equifax decisions and investigation was based on the envelope containing the Initial Dispute, rather than the Initial Dispute itself.

55. Equifax failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Initial Dispute.

56. Equifax's failure to timely provide Plaintiff with a complete copy of Plaintiff's file prevented Plaintiff from taking further action with respect to suspected identity theft ensured by Plaintiff.

57. Equifax transmitted the Initial Dispute to each entity that furnished information disputed by Plaintiff.

58. Despite receiving the Initial Dispute, Equifax failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Information.

59. Despite receiving the Initial Dispute, Equifax continued to report false, inaccurate and incomplete information disputed by Plaintiff.

60. Despite receiving the Initial Dispute, Equifax continued to report the Subject Information inaccurately.

61. Despite receiving the Initial Dispute, Equifax failed to notify Plaintiff that it deemed the Initial Dispute irrelevant and/or frivolous.

62. Despite receiving the Initial Dispute, Equifax failed to record in Plaintiff's file that the Subject Information was disputed by Plaintiff.

63. Equifax disclosed the contents of Plaintiff's file to third-parties without indicating that the Subject Information was disputed by Plaintiff.

64. As a result of Equifax's failure to take appropriate action in response to the Initial Dispute, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Equifax continued to report the Subject Information in an incomplete and inaccurate fashion.

65. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than an hour of sleep.

66. As a result of Equifax's failure to take appropriate action in response to the Initial Dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Equifax.

67.     On or about April 21, 2026, Plaintiff continued to notify Equifax in writing that the Subject Information was false, inaccurate, and/or incomplete by and through the Additional Disputes.

68.     The Additional Disputes took explicit issue with, among other things, the Subject Information.

69.     As part of the Additional Disputes, Plaintiff included a copy of Plaintiff's driver's license, copy of social security card, and a piece of mail.

70.     By and through the Additional Disputes, Plaintiff provided Equifax with proper identification and sufficiently requested a copy of Plaintiff's complete file.

71.     As part of the Additional Disputes, as in light of the adverse outcome of the Initial Disputes, Plaintiff explicitly requested the recording of a statement in Plaintiff's file with respect to the Subject Information so that, even if Equifax refused to conduct the necessary investigation, Plaintiff's articulation of the issue would, nonetheless, be part of Plaintiff's file.

72.     Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Additional Disputes to Equifax.

73.     On or about April 21, 2026, Equifax received the Additional Disputes.

74.     In lieu of opening and considering the contents of the envelope containing the Additional Disputes, yet again, Equifax's entire investigation began and ended with the envelope containing the Additional Disputes. Put differently, Equifax decisions and investigation was based on the envelope containing the Additional Disputes, rather than the Additional Disputes themselves.

75.     Equifax failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Additional Disputes.

76. Equifax's failure to timely provide Plaintiff with a complete copy of Plaintiff's file further prevented Plaintiff from taking further action with respect to suspected identity theft ensured by Plaintiff.

77. Equifax transmitted the Additional Disputes to each entity that furnished information disputed by Plaintiff.

78. Despite receiving the Additional Disputes, Equifax failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Information.

79. Despite receiving the Additional Disputes, Equifax continued to report false, inaccurate and incomplete information disputed by Plaintiff.

80. Despite receiving the Additional Disputes, Equifax continued to report the Subject Information inaccurately.

81. Despite receiving the Additional Disputes, Equifax failed to notify Plaintiff that it deemed the Initial Dispute irrelevant and/or frivolous.

82. Despite receiving the Additional Disputes, Equifax failed to record in Plaintiff's file that the Subject Information was disputed by Plaintiff.

83. Despite receiving the Additional Disputes, Equifax failed to record Plaintiff's dispute statement in Plaintiff's file as explicitly requested by Plaintiff.

84. Equifax disclosed the contents of Plaintiff's file to third-parties without indicating that the Subject Information was disputed by Plaintiff and without including Plaintiff's requested statements.

85. As a result of Equifax's failure to take appropriate action in response to the Additional Disputes, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit,

because Equifax continued to report the Subject Information in an incomplete and inaccurate fashion.

86. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than an hour of sleep.

87. Equifax failed to conduct a reasonable investigation into Plaintiff's disputes.

88. Equifax failed to review and consider all relevant information submitted by Plaintiff.

89. Equifax failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Subject Information despite the information Plaintiff provided to it (Equifax).

90. Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's disputes and, instead, chose to parrot the information it (Equifax) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

91. Equifax possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Equifax failed to correct the information.

92. Equifax's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

93. Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

94.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

### ALLEGATIONS AS TO EXPERIAN

95.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

96.     Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

97.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports" which it provides to third parties.

98.     On or about February 27, 2026, Plaintiff requested a copy of Plaintiff's credit report from Experian.

99.     On or about February 27, 2026, Experian provided an incomplete credit report to Plaintiff.

100.    Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the Subject Information.

101.    The Subject Information is false, inaccurate, and incomplete.

102.    On or about March 10, 2026, Plaintiff notified Experian in writing that the Subject Information was false, inaccurate, and/or incomplete by and through the Initial Dispute.

103.    The Initial Dispute took explicit issue with, among other things, the Subject Information.

104. As part of the Initial Dispute, Plaintiff included a copy of Plaintiff's driver's license, copy of social security card, and a piece of mail.

105. By and through the Initial Dispute, Plaintiff provided Experian with proper identification and sufficiently requested a copy of Plaintiff's complete file.

106. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Initial Dispute to Experian.

107. On or about March 10, 2026, Experian received the Initial Dispute.

108. In lieu of opening and considering the contents of the envelope containing Initial Dispute, Experian's entire investigation began and ended with the envelope containing the Initial Dispute. Put differently, Experian decisions and investigation was based on the envelope containing the Initial Dispute, rather than the Initial Dispute itself.

109. Experian failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Initial Dispute.

110. Experian's failure to timely provide Plaintiff with a complete copy of Plaintiff's file prevented Plaintiff from taking further action with respect to suspected identity theft ensured by Plaintiff.

111. Experian transmitted the Initial Dispute to each entity that furnished information disputed by Plaintiff.

112. Despite receiving the Initial Dispute, Experian failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Information.

113. Despite receiving the Initial Dispute, Experian continued to report false, inaccurate and incomplete information disputed by Plaintiff.

114. Despite receiving the Initial Dispute, Experian continued to report the Subject Information inaccurately.

115. Despite receiving the Initial Dispute, Experian failed to notify Plaintiff that it deemed the Initial Dispute irrelevant and/or frivolous.

116. Despite receiving the Initial Dispute, Experian failed to record in Plaintiff's file that the Subject Information was disputed by Plaintiff.

117. Experian disclosed the contents of Plaintiff's file to third-parties without indicating that the Subject Information was disputed by Plaintiff.

118. As a result of Experian's failure to take appropriate action in response to the Initial Dispute, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Experian continued to report the Subject Information in an incomplete and inaccurate fashion.

119. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than an hour of sleep.

120. As a result of Experian's failure to take appropriate action in response to the Initial Dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Experian.

121. On or about April 21, 2026, Plaintiff continued to notify Experian in writing that the Subject Information was false, inaccurate, and/or incomplete by and through the Additional Disputes.

122. The Additional Disputes took explicit issue with, among other things, the Subject Information.

123. As part of the Additional Disputes, Plaintiff included a copy of Plaintiff's driver's license, copy of social security card, and a piece of mail.

124. By and through the Additional Disputes, Plaintiff provided Experian with proper identification and sufficiently requested a copy of Plaintiff's complete file.

125. As part of the Additional Disputes, as in light of the adverse outcome of the Initial Disputes, Plaintiff explicitly requested the recording of a statement in Plaintiff's file with respect to the Subject Information so that, even if Experian refused to conduct the necessary investigation, Plaintiff's articulation of the issue would, nonetheless, be part of Plaintiff's file.

126. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Additional Disputes to Experian.

127. On or about April 21, 2026, Experian received the Additional Disputes.

128. In lieu of opening and considering the contents of the envelope containing the Additional Disputes, yet again, Experian's entire investigation began and ended with the envelope containing the Additional Disputes. Put differently, Experian decisions and investigation was based on the envelope containing the Additional Disputes, rather than the Additional Disputes themselves.

129. Experian failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Additional Disputes.

130. Experian's failure to timely provide Plaintiff with a complete copy of Plaintiff's file further prevented Plaintiff from taking further action with respect to suspected identity theft ensured by Plaintiff.

131. Experian transmitted the Additional Disputes to each entity that furnished information disputed by Plaintiff.

132.    Despite receiving the Additional Disputes, Experian failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Information.

133.    Despite receiving the Additional Disputes, Experian continued to report false, inaccurate and incomplete information disputed by Plaintiff.

134.    Despite receiving the Additional Disputes, Experian continued to report the Subject Information inaccurately.

135.    Despite receiving the Additional Disputes, Experian failed to notify Plaintiff that it deemed the Initial Dispute irrelevant and/or frivolous.

136.    Despite receiving the Additional Disputes, Experian failed to record in Plaintiff's file that the Subject Information was disputed by Plaintiff.

137.    Despite receiving the Additional Disputes, Experian failed to record Plaintiff's dispute statement in Plaintiff's file as explicitly requested by Plaintiff.

138.    Experian disclosed the contents of Plaintiff's file to third-parties without indicating that the Subject Information was disputed by Plaintiff and without including Plaintiff's requested statements.

139.    As a result of Experian's failure to take appropriate action in response to the Additional Disputes, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Experian continued to report the Subject Information in an incomplete and inaccurate fashion.

140.    As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than an hour of sleep.

141.     Experian failed to conduct a reasonable investigation into Plaintiff's disputes.

142.     Experian failed to review and consider all relevant information submitted by Plaintiff.

143.     Experian failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Subject Information despite the information Plaintiff provided to it (Experian).

144.     Experian did not conduct any independent investigation after it (Experian) received Plaintiff's disputes and, instead, chose to parrot the information it (Experian) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

145.     Experian possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Experian failed to correct the information.

146.     Experian's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

147.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

148.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

### *ALLEGATIONS AS TO TRANS UNION*

149.     Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

150. Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

151. Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports" which it provides to third parties.

152. On or about February 27, 2026, Plaintiff requested a copy of Plaintiff's credit report from Trans Union.

153. On or about February 27, 2026, Trans Union provided an incomplete credit report to Plaintiff.

154. Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the Subject Information.

155. The Subject Information is false, inaccurate, and incomplete.

156. On or about March 10, 2026, Plaintiff notified Trans Union in writing that the Subject Information was false, inaccurate, and/or incomplete by and through the Initial Dispute.

157. The Initial Dispute took explicit issue with, among other things, the Subject Information.

158. As part of the Initial Dispute, Plaintiff included a copy of Plaintiff's driver's license, copy of social security card, and a piece of mail.

159. By and through the Initial Dispute, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's complete file.

160. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Initial Dispute to Trans Union.

161. On or about March 10, 2026, Trans Union received the Initial Dispute.

162. In lieu of opening and considering the contents of the envelope containing Initial Dispute, Trans Union's entire investigation began and ended with the envelope containing the Initial Dispute. Put differently, Trans Union decisions and investigation was based on the envelope containing the Initial Dispute, rather than the Initial Dispute itself.

163. Trans Union failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Initial Dispute.

164. Trans Union's failure to timely provide Plaintiff with a complete copy of Plaintiff's file prevented Plaintiff from taking further action with respect to suspected identity theft ensured by Plaintiff.

165. Trans Union transmitted the Initial Dispute to each entity that furnished information disputed by Plaintiff.

166. Despite receiving the Initial Dispute, Trans Union failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Information.

167. Despite receiving the Initial Dispute, Trans Union continued to report false, inaccurate and incomplete information disputed by Plaintiff.

168. Despite receiving the Initial Dispute, Trans Union continued to report the Subject Information inaccurately.

169. Despite receiving the Initial Dispute, Trans Union failed to notify Plaintiff that it deemed the Initial Dispute irrelevant and/or frivolous.

170. Despite receiving the Initial Dispute, Trans Union failed to record in Plaintiff's file that the Subject Information was disputed by Plaintiff.

171. Trans Union disclosed the contents of Plaintiff's file to third-parties without indicating that the Subject Information was disputed by Plaintiff.

172. As a result of Trans Union's failure to take appropriate action in response to the Initial Dispute, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Trans Union continued to report the Subject Information in an incomplete and inaccurate fashion.

173. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than an hour of sleep.

174. As a result of Trans Union's failure to take appropriate action in response to the Initial Dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Trans Union.

175. On or about April 21, 2026, Plaintiff continued to notify Trans Union in writing that the Subject Information was false, inaccurate, and/or incomplete by and through the Additional Disputes.

176. The Additional Disputes took explicit issue with, among other things, the Subject Information.

177. As part of the Additional Disputes, Plaintiff included a copy of Plaintiff's driver's license, copy of social security card, and a piece of mail.

178. By and through the Additional Disputes, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's complete file.

179. As part of the Additional Disputes, as in light of the adverse outcome of the Initial Disputes, Plaintiff explicitly requested the recording of a statement in Plaintiff's file with respect to the Subject Information so that, even if Trans Union refused to conduct the necessary investigation, Plaintiff's articulation of the issue would, nonetheless, be part of Plaintiff's file.

180. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Additional Disputes to Trans Union.

181. On or about April 21, 2026, Trans Union received the Additional Disputes.

182. In lieu of opening and considering the contents of the envelope containing the Additional Disputes, yet again, Trans Union's entire investigation began and ended with the envelope containing the Additional Disputes. Put differently, Trans Union decisions and investigation was based on the envelope containing the Additional Disputes, rather than the Additional Disputes themselves.

183. Trans Union failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Additional Disputes.

184. Trans Union's failure to timely provide Plaintiff with a complete copy of Plaintiff's file further prevented Plaintiff from taking further action with respect to suspected identity theft ensured by Plaintiff.

185. Trans Union transmitted the Additional Disputes to each entity that furnished information disputed by Plaintiff.

186. Despite receiving the Additional Disputes, Trans Union failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Information.

187. Despite receiving the Additional Disputes, Trans Union continued to report false, inaccurate and incomplete information disputed by Plaintiff.

188. Despite receiving the Additional Disputes, Trans Union continued to report the Subject Information inaccurately.

189.	Despite receiving the Additional Disputes, Trans Union failed to notify Plaintiff that it deemed the Initial Dispute irrelevant and/or frivolous.

190.	Despite receiving the Additional Disputes, Trans Union failed to record in Plaintiff's file that the Subject Information was disputed by Plaintiff.

191.	Despite receiving the Additional Disputes, Trans Union failed to record Plaintiff's dispute statement in Plaintiff's file as explicitly requested by Plaintiff.

192.	Trans Union disclosed the contents of Plaintiff's file to third-parties without indicating that the Subject Information was disputed by Plaintiff and without including Plaintiff's requested statements.

193.	As a result of Trans Union's failure to take appropriate action in response to the Additional Disputes, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Trans Union continued to report the Subject Information in an incomplete and inaccurate fashion.

194.	As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than an hour of sleep.

195.	Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

196.	Trans Union failed to review and consider all relevant information submitted by Plaintiff.

197.	Trans Union failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Subject Information despite the information Plaintiff provided to it (Trans Union).

198. Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

199. Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

200. Trans Union's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

201. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

202. Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1681e(b)
### (*against Equifax*)

203. Plaintiff incorporates by reference ¶¶ 10-94 of this Complaint.

204. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

205. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

206.     Equifax further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

207.     Equifax further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

208.     Equifax's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

209.     Equifax willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

210.     Additionally, or in the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

211.     The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Equifax, was the direct and proximate result of Equifax's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

212.     The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

213.     In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

214.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

215.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

216.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF 15 U.S.C. § 1681i**
(*against Equifax*)

217.    Plaintiff incorporates by reference ¶¶ 10-94 of this Complaint.

218.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

219.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

220.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

221.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Equifax on or about April 21, 2026.

222.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

223.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about April 21, 2026.

224.    Equifax further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

225.    Equifax further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in Plaintiff's credit report.

226.    Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Equifax had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Equifax had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

227.    Additionally or in the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

228.    The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

229.    In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

230.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

231.    As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

232.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Equifax*)

233.    Plaintiff incorporates by reference ¶¶ 10-94 of this Complaint.

234.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's full credit file, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's driver's license, copy of social security card, and a piece of mail.

235.    Equifax willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's full file, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

236.    In the alternative, Equifax negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a full disclosure and failing to provide the information as required.

237.    The conduct, action, and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

238.    In the alternative, the conduct, action, and inaction of Equifax was negligent, rendering Equifax liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

239.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

240.    As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

241.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant

to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## VIOLATION OF 15 U.S.C. § 1681e(b)
(*against Experian*)

242.    Plaintiff incorporates by reference ¶¶ 10-40, 95-148 of this Complaint.

243.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

244.    Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

245.    Experian further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

246.     Experian further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

247.    Experian's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

248.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory

credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

249.　Additionally, or in the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

250.　The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

251.　The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

252.　In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

253. Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

254. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

255. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## VIOLATION OF 15 U.S.C. § 1681i
(*against Experian*)

256. Plaintiff incorporates by reference ¶¶ 10-40, 95-148 of this Complaint.

257. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

258. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

259. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

260.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Experian on or about April 21, 2026.

261.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

262.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about April 21, 2026.

263.     Experian further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

264.     Experian further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in Plaintiff's credit report.

265.     Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate; [i] failing to

record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

266.    Additionally or in the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

267.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

268.    In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

269.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

270.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

271.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant

to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

### COUNT 6
### VIOLATION OF 15 U.S.C. § 1681g(a)
(*against Experian*)

272.    Plaintiff incorporates by reference ¶¶ 10-40, 95-148of this Complaint.

273.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's full credit file, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's driver's license, copy of social security card, and a piece of mail.

274.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's full file, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

275.    In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a full disclosure and failing to provide the information as required.

276.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

277.    In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

278.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

279.   As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

280.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

281.   Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

**COUNT 7**
**VIOLATION OF 15 U.S.C. § 1681e(b)**
(*against Trans Union*)

282.   Plaintiff incorporates by reference ¶¶ 10-40, 149-202 of this Complaint.

283.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

284. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

285. Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

286. Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

287. Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

288. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

289. Additionally, or in the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

290. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

291. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

292. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

293. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

294. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

295. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. §

1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## VIOLATION OF 15 U.S.C. § 1681i
(*against Trans Union*)

296.    Plaintiff incorporates by reference ¶¶ 10-40, 149-202 of this Complaint.

297.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

298.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

299.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

300.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Trans Union on or about April 21, 2026.

301.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

302.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about April 21, 2026.

303.    Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

304.    Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiff's credit report.

305.    Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

306.    Additionally or in the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute

statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

307.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

308.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

309.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

310.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

311.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 9**
**VIOLATION OF 15 U.S.C. § 1681g(a)**
(*against Trans Union*)

312.    Plaintiff incorporates by reference ¶¶ 10-40, 149-202 of this Complaint.

313.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's full credit file, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's driver's license, copy of social security card, and a piece of mail.

314.    Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's full file, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

315.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a full disclosure and failing to provide the information as required.

316.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

317.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

318.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

319.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress,

and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

320. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 10**
**VIOLATION OF 15 U.S.C. § 1681s-2**
(*against Discover*)

321. Plaintiff incorporates by reference ¶¶ 10-42 of this Complaint.

322. On at least one occasion within the past two years, by example only and without limitation, Discover violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

323. On one or more occasions within the past two years, by example only and without limitation, Discover violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

324. On one or more occasions within the past two years, by example only and without limitation, Discover violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

325. When Discover received notice of Plaintiff's disputes from the CRAs, Discover could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

326.    Discover would have discovered that the information it was reporting about Plaintiff was inaccurate if Discover had reviewed its own systems and previous communications with Plaintiff.

327.    Discover's investigation was *per se* deficient by reason of these failures on Discover's investigation of Plaintiff's dispute.

328.    As a direct and proximate result of Discover's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

329.    Discover's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages, as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o. Additional, or in the alternative, Discover's actions in violation of the FCRA were willful, rendering it liable for actual and/or statutory damages, as well as punitive damages as the Court may allow, and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

330.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Discover, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 11
## VIOLATION OF 15 U.S.C. § 1681s-2
(*against SFB*)

331.     Plaintiff incorporates by reference ¶¶ 10-42 of this Complaint.

332.     On at least one occasion within the past two years, by example only and without limitation, SFB violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

333.     On one or more occasions within the past two years, by example only and without limitation, SFB violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

334.     On one or more occasions within the past two years, by example only and without limitation, SFB violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

335.     When SFB received notice of Plaintiff's disputes from the CRAs, SFB could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

336.     SFB would have discovered that the information it was reporting about Plaintiff was inaccurate if SFB had reviewed its own systems and previous communications with Plaintiff.

337.     SFB's investigation was *per se* deficient by reason of these failures on SFB's investigation of Plaintiff's dispute.

338.     As a direct and proximate result of SFB's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's

credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

339.    SFB's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages, as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o. Additional, or in the alternative, SFB's actions in violation of the FCRA were willful, rendering it liable for actual and/or statutory damages, as well as punitive damages as the Court may allow, and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

340.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against SFB, awarding Plaintiff the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

DATED: June 9, 2026

Respectfully Submitted,

  /s/ Talal Rashid                                       .
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail:    Talal@pzlg.legal
**NATALIE STAROSCHAK, ESQ.**
Florida Bar No. 116745
E-mail:    Natalie@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    305-332-6201
*COUNSEL FOR PLAINTIFF*